## HIRAM CHURCH *vs.* GEORGE F. CHOATE.

.f the wife of an insolvent debtor is duly charged with having fraudulently concealed property which belonged to her husband previous to his insolvency, it is the duty of the judge of insolvency, under Gen. Sts. *c.* 118, § 107, to examine her on oath touching the same.

PETITION setting forth that Alfred S. Merritt was an insolvent debtor ; that the petitioner duly presented to the defendant, who was judge of insolvency, his complaint setting forth that he was a creditor of said Merritt, and had proved his claim, and that he suspected and had reason to believe that Margaret A. Merritt, wife of said debtor, had fraudulently received, concealed.

embezzled and conveyed away certain personal property which be·
longed to the debtor previous to his insolvency, and now belongs
to the assignee, and praying that she might be cited and exam·
ined on oath upon the same; and that she was accordingly cited,
and appeared, whereupon the defendant refused to examine her.
The prayer was that she might be cited before this court for ex·
amination, or that a *mandamus* might issue to the defendant.

By consent of the defendant, the bill was taken *pro confesso.*

*C. Sewall,* for the petitioner, cited *St.* 21 Jac. I. *c.* 19, §§ 5, 6;
6 Geo. IV. *c.* 16, § 37; *Ex parte James,* 1 P. W. 610; *Griffin* v.
*Brown,* 2 Pick. 308; *Fitch* v. *Hill,* 11 Mass. 286; *Richardson* v.
*Learned,* 10 Pick. 261; *Rex* v. *Bathwick,* 2 B. & Ad. 639, 647;
1 Greenl. Ev. §§ 341, 342.

*J. C. Perkins,* for the respondent. At common law a wife
could not be examined touching the bankruptcy of her husband.
No statute in this state authorizes such examination. There
can be no fraudulent acts between them; no conspiracy or em-
bezzlement. Her act is his, in law. An examination of him is
the only way to get at her. 1 Greenl. Ev. §§ 254, 334, 335.

DEWEY, J. The wife of an insolvent debtor may be exam-
ined upon a complaint under Gen. Sts. *c.* 118, § 107, alleging
that she has fraudulently received, concealed or embezzled the
money, goods and estate belonging to the debtor, previous to
the institution of proceedings in insolvency. She may clearly
be required to answer as to her own acts in reference to the
same. The object of such examination embraces any inquiries
tending to discover property concealed or withdrawn from the
custody and possession of the assignees. She may have taken
transfers of property from third persons to her sole and separate
use, made at the instigation of the husband and upon considera-
tion paid by him, and under such circumstances as would in law
subject the property to be applied for the benefit of his creditors.
She may have actively or tacitly aided in the concealment of
articles of personal property of the debtor, and as to this she is
bound to answer.

Without any inquiry of her as to any criminal acts of her
husband, if that were a ground of legal objection where the

inquiry is in a collateral proceeding by which he is not bound, as to which it is not necessary to express any opinion at this time, there is a wide field open for examination of the wife upon the matters alleged in this complaint. Such an examination is expressly authorized in England. *St.* 6 Geo. IV. *c.* 16, § 37. Under our system, and considering the nature and purposes of the examination, the court are of opinion that the judge in insolvency should have ordered the examination of Margaret A. Merritt. *Mandamus to issue.*